# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GEORGE S. TULLEY,

      Plaintiff,

v.                                              Case No. 05-C-373

WAUPUN CORRECTIONAL INSTITUTION,

      Defendant,

## ORDER

Plaintiff George S. Tulley, who is incarcerated at Waupun Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has paid the $250 filing fee.

Regardless of plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71

(7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff alleges:

> I filed a complaint with the complaint Dept. I was on my way back from HSU when I took a hard fall on some wood panels that maintence [sic] had laid down across the sidewalk. There was no caution signs at all. I stepped on one panel and my foot got caught on the end when it buckled. I fell hard on my right side hurting my knee and lower back. The sidewalks were under construction at that time. Although I saw no reason for 1/4" panels to be there. There was gravel rocks under them. I finally got to the building and reported this to the desk SGT. Smith he gave me some cleaning liquid and bandages. My hands were all bloody from the fall. I sent in a request to see a doctor, they called me down 2 days later. I saw a nurse that said he didn't see nothing wrong with my back or knee. He said I am not going to write you a prescription, I never said nothin bout no prescription. He said I could give you a few shots of whiskey but you would come back for more. I saw 3 different nurses and no Doctor. Finally I got to see Dr. Larson 2-1-05. My first complaint was turned back because the Dept. said I should try and settle this with Blinda Scrubble (HSU). They have a 14 day filing period here. As you will see I got no reply from Scrubble until 12-7-04. Therefore she waited well beyond 14 days before she replied to my complaint. I believe this was intentional or I would have seen a Doctor before 2-1-05. It's hard for me to get around on my right leg anymore. To this date no one has ever examined my knee or said anything about taking xrays. The[y] just gave me a cane to walk with. The pain meds they gave to me for my neck pain helps some. I am in cronic pain 24-7.

(Compl. ¶ IV.A.)

Plaintiff states that he is not getting the medical attention that he needs. He seeks $10,000.00 in damages.

As an initial matter, I note that Waupun Correctional Institution (WCI) is the only defendant in this case. WCI is a part of the Wisconsin Department of Corrections, which is an agency of the State of Wisconsin. A state is not a "person" subject to a damages

3

action under § 1983. Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003) (citing Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002)). However, to the extent that plaintiff seeks injunctive relief, he is not barred at the outset from proceeding. Official-capacity suits against state officials seeking prospective relief are permitted by § 1983 and are not barred by the Eleventh Amendment. Williams, 336 F.3d at 581 (citations omitted).

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Gutierrez, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. See Reed v. McBride, 178 F.3d 849, 852-53 (7th Cir. 1999); Gutierrez, 111 F.3d at 1371.

4

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001) (citing Farmer, 511 U.S. at 840-42).

According to plaintiff, he saw three different nurses following his injury. On February 1, 2005, he saw a doctor. In addition, plaintiff was provided with a cane and pain medication for his injury. Plaintiff is not satisfied with the treatment he received. However, disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97 (1976). Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

Moreover, to the extent that plaintiff advances a potential claim based on the absence of caution signs near the sidewalk where he fell, his allegations amount only to negligence. See Frost v. McCaughtry, 215 F.3d 1329, 2000 WL 767841 at *2 (7th Cir. 2000) (unpublished). Negligence is not enough to sustain a claim under 42 U.S.C. § 1983. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994); see also Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711,

720 (7th Cir. 1992) (quoting <u>Williams v. Faulkner</u>, 837 F.2d 304, 308 (7th Cir. 1988), <u>aff'd sub nom.</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)).

## ORDER

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 1915A(b)(1) as lacking any arguable basis in law.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed under 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 6 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge